*167 JUSTICE TRIEWEILER
specially concurring in part and dissenting in part.
I concur with the majority’s resolution of Issues I and II. I dissent from that part of the majority opinion which concludes that there was sufficient evidence to convict defendant of aggravated assault.
Based on the undisputed evidence, I conclude that justifiable use of force by defendant was established as a matter of law and that judging the evidence in the light most favorable to the prosecution, no rational trier of fact could have found defendant guilty of aggravated assault beyond a reasonable doubt.
Donald Barrack testified that on February 13,1992, he was awakened in the middle of the night by a blow to his trailer that was so violent it physically rocked the trailer. He went to the back door, but heard nothing further in that vicinity. The next thing he knew, there was a loud crash in the vicinity of the front door of his home, which again physically rocked the trailer as if it had been hit by a motor vehicle. He picked up his pistol and went to the area of his front door where the crashing sound continued. The impact to his home was exceedingly violent and rapid and continued to occur with such force that it rocked his whole trailer. He asked the person outside to identify herself, but received no response. With all the noise described by both Barrack and his neighbor, it is not surprising that the violent and aggressive intruder did not hear his question.
He then advised the person outside, “Don’t kick the door in, I’m armed.” He still received no response, and after several more kicks, the door flew open. He backed away from the door, not knowing who was entering his home. The next thing he observed was alarge human form rushing through the door, despite his repeated warnings. He was understandably scared and upset and feared for his safety. He fired his pistol in the direction of the door, striking the intruder.
Defendant testified that at no time prior to firing his pistol in the direction of the intruder did he recognize her as Sue Llewellyn.
Defendant’s testimony clearly established the affirmative defense of justifiable use of force in defense of an occupied structure, which is set forth at § 45-3-103, MCA. That statute provides that:
A person is justified in the use of force or threat to use force against another when and to the extent that he reasonably believes that such conduct is necessary to prevent or terminate such other’s unlawful entry into or attack upon an occupied structure. However, *168 he is justified in the use of force likely to cause death or serious bodily harm only if:
(1) the entry is made or attempted in violent, riotous, or tumultuous manner and he reasonably believes that such force is necessary to prevent an assault upon or offer of personal violence to him or another then in the occupied structure; or
(2) he reasonably believes that such force is necessary to prevent the commission of a forcible felony in the occupied structure.
The majority opinion correctly points out that if defendant’s testimony was contradicted in some material respect, it was up to the jury to resolve the factual issue created by that contradiction. However, defendant’s testimony was not contradicted in any material respect. There were only two witnesses to the incident which formed the basis of the charges against defendant. The other witness was Sue Llewellyn, the person who forcibly and violently broke into his home. The only relevant part of her testimony related to her activity after her boyfriend left the scene on foot.
She stated that she got back out of her car and returned to defendant’s home with the express purpose of breaking in. She tried the knob, but it was locked. She kicked the door with as much force as she could until it flew open. After the door opened, she was not screaming, yelling, or saying anything else that would enable defendant to identify her. Furthermore, she testified that because of the darkness inside the trailer, she could not see inside.
With her identity concealed by that same darkness, she entered the trailer without identifying herself. Only at that point was she shot.
Llewellyn acknowledged that she had no right to kick in the door to defendant’s home. She had been warned before going to the trailer that he was still living there, but was angry about his continued presence and intended to do something about it.
Based upon the testimony given by the only two witnesses who have full knowledge of what happened that evening, Llewellyn’s entry was made in a violent, riotous, and tumultuous maimer, and defendant had every right to believe that force likely to cause seriously bodily harm was necessary in order to prevent an assault on himself.
It is truly shocking that a person abruptly awakened in the middle of the night by an unknown intruder who violently and forcibly breaks into to his or her home, can be convicted of a felony punishable by 20 *169 years in the State Prison and a fine of $50,000 for taking reasonable measures to protect himself.
While the prosecutor, the jury, and the majority may, with the benefit of hindsight, conclude that defendant was not in danger of serious bodily harm from Llewellyn’s violent assault on his home, defendant did not have the benefit of hindsight, anymore than he had the benefit of knowing the intruder’s identity or intentions before making his split-second decision to defend himself.
He had no way of knowing whether the intruder was armed or unarmed. However, based upon the intruder’s disregard for his warning, and based upon the manner of her entry, he had every right to presume that her intentions were hostile and a threat to his well-being.
For these reasons, I dissent from that part of the majority opinion which concludes that there was sufficient evidence to convict defendant of aggravated assault. I would reverse the judgment of the District Court and remand for entry of judgment dismissing all charges against defendant, Donald Barrack.
JUSTICE HUNT, joins in the foregoing concurring and dissenting opinion.